IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CURTIS SMITH,** | : | |
| **Plaintiff,** | : | CIVIL ACTION |
| v. | : | |
| **COMMONWEALTH OF PENNSYLVANIA, et al.,** | : | NO. 24-925 |
| **Defendants.** | : | |

## MEMORANDUM

**Perez, J.**                                                                                                   December 13, 2024

*Pro se* plaintiff Curtis Smith ("Plaintiff"), a self-proclaimed sovereign citizen, brings this civil action against an expansive list of state and local government entities and officials whom he alleges have acted in concert to violate his rights under state and federal law. Plaintiff has sued three groups of Defendants. The first group of Defendants, hereinafter referred to collectively as "Middletown Township," includes Middletown Township of Pennsylvania, Middletown Police Department, Chief of Police Joe Bartorilla, Middletown's Township Manager, Stephanie Teoli Kuhls, and Township Director of Building and Zoning, Jim Ennis in their official and private capacity. The next group of Defendants, hereinafter referred to collectively as "Judicial Defendants" includes the Bucks County Court of Common Pleas, Magisterial District Court, the Honorable Charles D. Jonas, the Honorable Raymond F. McHugh, the Honorable Robert J. Mellon, the Honorable Wallace Bateman, and the Honorable Matthew D. Weintraub. The final group of Defendants, hereinafter referred to as "Commonwealth Defendants" includes the Commonwealth of Pennsylvania, Governor Josh Shapiro, and the Pennsylvania Office of Attorney General. This memorandum will address the motion to dismiss filed by Commonwealth

Defendants, to which Plaintiff has failed to file any opposition.[1] For the reasons set forth herein, the Court will grant Commonwealth Defendants' motion and the case, as it pertains to these Defendants, will be dismissed with prejudice.

### I.    FACTUAL BACKGROUND

Plaintiff's Complaint describes a protracted history of zoning and other disputes between himself and Middletown Township and the related civil and criminal actions initiated against him in the Bucks County Court of Common Pleas. ECF No. 1. Plaintiff's allegations are sweeping and largely difficult to follow, but they primarily center on his attempted installation of a swimming pool, fence, and other alterations at his private residence in Langhorne, Pennsylvania. *Id.* at ¶¶ 49-54, 57-58, 64-66. His complaint is largely predicated on the legal fictions embraced by sovereign citizen litigants, including his assertion that his "private property, established in 1686, cannot be annexed under Township control" without Plaintiff's consent. *Id.* at ¶ 116. Plaintiff argues that Middletown Township had no authority to require him to obtain permits to make modifications on his property. *Id.* at ¶ 51, 53. It appears that Plaintiff was issued multiple citations and cease-work orders, which he ignored. The fence that he installed was removed by the police on more than one occasion. *Id.* at ¶ 61-66.

Plaintiff further alleges that Defendants subsequently "created a premeditated scheme" intended to "have him perjure himself" into telling authorities that he had an unattended two-year-old child inside his residence. *Id.* at ¶ 68. He claims that it was on this basis that police performed a warrantless welfare check on the home, and despite no child being present, police proceeded to

---

[1] Commonwealth Defendants filed the instant motion on October 31, 2024. Plaintiff is presently incarcerated at the Pennsylvania State Correctional Institute at Pine Grove ("SCI Pine Grove"). A copy of the instant motion was sent to Plaintiff at SCI Pine Grove by Commonwealth Defendants. *See* ECF No. 21 at 16. Additionally, this Court confirmed with the Clerk of Courts that a copy was sent to Mr. Smith at SCI Pine Grove on the date it was ECF filed.

confiscate his arsenal of firearms and other personal affects. *Id.* at ¶¶ 69-72. From what this Court can gather, this led to his arrest and ultimate conviction for multiple felony gun offenses. Plaintiff is presently incarcerated at SCI Pine Grove, serving a sentence of 28-56 years in prison. *See Commonwealth v. Curtis Gregory Smith, Jr.*, Docket Nos. CP-09-MD-0001643-2023; CP-09-CR-0003478-2023.

Plaintiff alleges that Defendants participated in a broad "tyrannical" scheme to harass, racially discriminate, and violate his constitutional rights in an effort to generate revenue. *Id.* at ¶¶ 48 and 84-87. His Complaint focuses almost exclusively on allegations against the Middletown and Judicial Defendants. As Commonwealth Defendants note in their brief, "neither Commonwealth Defendant is named elsewhere in the Complaint apart from a fleeting claim for relief paragraph, which baselessly asserts that Commonwealth Defendants were 'aware' of other non-Commonwealth defendants['] enterprise to gain 'maximum revenue generation though [*sic*] the easiest method of administration.' See Compl., ¶¶ 252-53." ECF No. 21 at 11.

II.     **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) requires the court to determine whether the plaintiff's complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* When evaluating such a motion, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (*quoting Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). However, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

When a motion to dismiss is based on lack of subject matter jurisdiction in addition to other defenses, "[a]n actual determination must be made whether subject matter jurisdiction exists before a court may turn to the merits of the case." *Tagayun v. Stolzenberg*, 239 F. App'x 708, 710 (3d Cir. 2007).

### III. Eleventh Amendment Immunity

Commonwealth Defendants move to dismiss Plaintiffs' Section 1983 claims against them because they are barred by the Eleventh Amendment. Commonwealth Defendants explain that the Eleventh Amendment protects Commonwealth Defendants from this lawsuit and that no exception to Eleventh Amendment immunity applies. ECF No. 21 at 7-10.

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court "has long 'understood the Eleventh Amendment to stand not so much for what it says, but for the presupposition ... which it confirms.'" *Kimel v. Fla. Bd. of Regents,* 528 U.S. 62, 72-73 (2000) (citations omitted) (quoting *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 54 (1996)). This presupposition is that "the States entered the federal system with their sovereignty intact [and] that the judicial authority in Article III is limited by this sovereignty." *Blatchford v. Native Vill. of Noatak & Circle Vill.*, 501 U.S. 775, 779 (1991) (citing *Welch v. Tex. Dep't of Highways and Pub. Transp.*, 483 U.S. 468, 472 (1987)). "Accordingly, for over a century now, [the Supreme Court has] made clear that the Constitution does not provide for federal jurisdiction over suits against nonconsenting States." *Kimel,* 528 U.S. at 73 (citing *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Ed. Expense Bd.*, 527 U.S. 666, 669-0 (1999)).

Under the Eleventh Amendment, states and state agencies are entitled to sovereign immunity from suit and liability. *Lombardo v. Pennsylvania*, 540 F.3d 190, 194-96 (3rd Cir. 2008) (noting that this immunity can only be waived by an appropriate act of Congress or state voluntary invocation of federal jurisdiction). "Eleventh Amendment Immunity" is considered helpful shorthand for state sovereign immunity; however, a state's sovereign immunity from suit and liability is a fundamental element of the federal system and is therefore not constrained by the text of Eleventh Amendment itself. *Id.* at 195 (*citing Alden v. Maine*, 527 U.S. 706, 713 (1999)). In Pennsylvania, "the Commonwealth enjoys sovereign immunity unless the General Assembly 'specifically waives sovereign immunity.'" *Id.* (*see* 42 Pa. Cons. Stat. § 8522) (showing applicable exceptions). No such exception exists here.

State actors working and sued in their official capacity are protected by this immunity unless the plaintiff is seeking "prospective relief to end an ongoing violation of federal law." *Christ the King Manor, Inc. v. Sec. U.S. Dept. of Health and Human Servs.*, 730 F.3d 291, 318 (3d Cir. 2013). Accordingly, suits for damages or equitable retroactive relief are barred. *Id.*; *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 697 (3d Cir. 1996) ("[R]elief that essentially serves to compensate a party injured in the past by the action of a state official, even though styled as something else, is barred by the Eleventh Amendment.").

Commonwealth Defendants argue that the only forward-looking relief sought by Plaintiff is "moot as a matter of law" because this Court previously denied Plaintiff's motion for a temporary restraining order. To the extent this Court would even be able to articulate what ongoing violation of federal law Plaintiff is alleging against the Commonwealth Defendants, the Court has already denied Plaintiff's request for injunctive relief. Plaintiff's remaining claims are based on discrete, past events—the taking of and trespass on his personal property, destruction of his

unpermitted property modifications, the alleged conspiracy to violate his rights, and ultimately his criminal arrest and conviction. These claims do not constitute the type of prospective relief for an ongoing violation that would negate the Commonwealth Defendants' immunity. As such, this Court lacks subject matter jurisdiction to hear Plaintiff's claims against Commonwealth Defendants.

### IV.    CONCLUSION

This Court will grant Commonwealth Defendants' motion and dismiss Plaintiff's claims against them with prejudice because amendment of those claims would not cure the aforementioned deficiencies. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).